# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 9, 2007 Session

## MELBA B. HOMRA, ET AL. v. HAROLD ELLIOTT NELSON

### Appeal from the Chancery Court for Haywood County
### No. 13054    The Honorable George R. Ellis, Chancellor

---

### No. W2007-00001-COA-R3-CV - Filed March 14, 2008

---

JOHN EVERETT WILLIAMS, J., dissenting.


I respectfully dissent from the decision reached by the majority. It is undisputed that Mrs. Nelson's medical condition, Alzheimer's Disease, required that she be placed in a skilled nursing facility. Mr. and Mrs. Nelson, having executed an "Antenuptial Agreement" prior to marriage, the question presented is who is responsible for the payment of the skilled nursing care. The majority concludes the responsibility lies with Mr. Nelson, looking to paragraph three of the "Antenuptial Agreement and interpreting the phrase "other daily necessities." The majority opines it is unfortunate that neither Mr. nor Mrs. Nelson thought that either would need long-term care and such was not provided for in the Antenuptial Agreement. I disagree with the conclusion reached by the majority. It is clear from reading the Antenuptial Agreement that Mr. and Mrs. Nelson were desirous of keeping their property separate as each had children of another marriage and, to the extent possible, neither wished to burden the other with debts. As I view the entire Antenuptial Agreement, the phrase used by the majority to impose responsibility upon Mr. Nelson I would read it to obligate Mr. Nelson to provide such items as toothpaste, deodorant, toiletries, and other such items, but not extraordinary medical expenses. I do not read the phrase to clearly state it is Mr. Nelson's responsibility to provide, in essence, hospital care or nursing care for Mrs. Nelson.

Paragraphs four and five of the Antenuptial Agreement provide as follows:

4. Medical Needs and Treatment. Both Mr. Nelson and Mrs. Bridgewater receive Medicare at the present time and they each carry a Medicare Supplement which cares for any medical expenses which Medicare does not cover. Each party shall continue to pay his or her Medicare and Medicare Supplement policy expenses on a timely basis and from his or her separate property. Each party shall carry that amount of medical, to include hospitalization, insurance to provide for his or her foreseeable medical requirements. The charges for all such medical insurance shall

be paid for by that person who is to receive the medical benefits from the policies. He or she shall pay for such medical protection from his or her separate property.

5. Liability for Debts. Each party shall be solely responsible for paying for all debts incurred prior to their wedding. The property of the other party to this agreement shall not be liable to seizure or execution for such debts. In the same manner, all debts made after the marriage unless clearly stated to be the responsibility of the other party, or a mutual responsibility, shall be the sole obligation of the person incurring the debt.

I conclude that it is Mrs. Nelson's medical condition that requires her to receive skilled nursing care and that, as acknowledged in the Antenuptial Agreement, her medical needs and treatment are covered by Medicare and she may carry a Medicare Supplement policy. Paragraph five sets out that "all debts made after the marriage unless clearly stated to be the responsibility of the other party, or a mutual responsibility shall be the sole obligation of the person incurring the debt." I conclude that any debt incurred on the behalf of Mrs. Nelson that is a direct result of her medical condition is her sole responsibility.

As to any issue involving alleged fraud, the incomplete record, as presented, renders me unable to address that issue.

_____
JOHN EVERETT WILLIAMS, JUDGE